```
UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------
In re

        AMY B. ALESSI                                          05-10067 B

                        Debtor                         DECISION & ORDER
------------------------------------------------------
LEE ALESSI,

                        Plaintiff

                v.                                             AP 08-1085 B

AMY B. ALESSI

                        Defendant
------------------------------------------------------
```

Silverberg, McGorry, Sellers & Silverberg
Michael P. J. McGorry, Esq., of Counsel
515 Brisbane Building
Buffalo, New York 14203
Attorneys for the Plaintiff

Barry H. Sternberg, Esq.
4245 Union Road, Suite 101
Cheektowaga, New York 14225
Attorney for the Debtor/Defendant

Bucki, U.S.B.J.

The plaintiff in this adversary proceeding seeks summary judgment declaring that an obligation is non-dischargeable under 11 U.S.C. §523(a)(6) as a debt for willful and malicious injury. The determining issue is whether a willful and malicious injury arises from an intentional misappropriation of funds that the parties had earmarked for the payment of an obligation.

Lee Alessi is the former spouse of Amy Alessi, the debtor herein. Sometime after their divorce in 1997, the parties attempted a reconciliation. During the time of their attempted reconciliation, Lee and Amy established joint ownership of two parcels of real estate, one in Kentucky and the other at 59 Nancy Place in the Town of Cheektowaga, New York. When the reconciliation

failed, the parties negotiated a written agreement for the disposition of their various joint assets. Pursuant to that agreement, by quit claim deeds, Amy conveyed her interest in the Kentucky property to Lee, and Lee transferred his interest in 59 Nancy Place to Amy. Additionally, Amy agreed that upon her eventual sale of 59 Nancy Place, she would pay to Lee "the sum of $12,000.00 plus interest at the rate of 2.5% per annum" from July 31, 2001.

On January 20, 2004, Amy Alessi sold 59 Nancy Place to an unrelated third party. As a result of this transaction, after payment of outstanding liens and closing costs, Amy received net proceeds in excess of the amount that she owed to her former husband. Having learned about the sale, the attorney for Lee Alessi sent a demand for payment to Amy Alessi's attorney on January 23, 2004. Amy's counsel then forwarded a copy of that demand to Amy on January 26. When Amy failed to respond, Lee Alessi commenced an action in state court to recover the moneys owed to him. During May and June of 2004, while the state court action was pending, Amy disbursed $23,683.04 from the net sale proceeds, on account of various credit card liabilities. As a consequence of these disbursements, Amy Alessi effectively dissipated the sale proceeds and was left with insufficient funds to pay her former husband.

On August 20, 2004, the state court awarded to Lee Alessi a judgment against Amy Alessi for the sum of $13,450, on which post-judgment interest continues to accrue under New York law at the rate of 9 percent. Enforcement of that judgment was stayed, however, when Amy Alessi filed the present petition for relief under Chapter 13 of the Bankruptcy Code on January 4, 2005. Then, on March 25, 2008, this court issued an order converting the case into a proceeding under Chapter 7.

In the present Adversary Proceeding, Lee Alessi seeks a declaration that the amount due on the state judgment is non-dischargeable under 11 U.S.C.

§523(a)(2), (4), and (6).[1] Having completed discovery, Mr. Alessi now moves for summary judgment on his claim under section 523(a)(6) only. Specifically, this latter section provides that an order of discharge under section 727 does not discharge an individual debtor from any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." Both parties concede the absence of any factual dispute. The issue is whether the recited facts suffice to demonstrate a willful and malicious injury. The plaintiff argues that Amy Alessi knowingly violated a commitment to turn over specified funds, and that the intentional character of her conduct shows that the resulting injury was willfully and maliciously inflicted. In her response, the defendant acknowledges the existence of a debt, but asserts a lack of proof regarding malice.

## Discussion

Section 523(a)(6) of the Bankruptcy Code precludes the discharge of a debt "for willful and malicious injury." As noted by Justice Ginsburg in *Kawaahua v. Geiger*, 523 U.S. 57, 61 (1998), the "word 'willful' in (a)(6) modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." For the same reason, nondischargeability under this section will attach only to injuries that are malicious. In the Second Circuit, the Court of Appeals set the standard for "willful and malicious injury" in its decision in *Navistar Financial Corp. v. Stelluti (In re Stelluti)*, 94 F.3d 84 (1996). The Court concluded that "[t]he term 'willful' in this context means 'deliberate or intentional,'" and that "[t]he term 'malicious' means wrongful and without just cause or excuse, even in the absence of personal hatred, spite, or ill-will." *Id.* at 87 (citations omitted).

---

[1] The debtor filed her bankruptcy petition prior to the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act, Pub. L. No. 109-8, 133 Stat. 23 (2005). Consequently, the applicable statute would have allowed a discharge in Chapter 13 of debts that would otherwise be non-dischargeable under these subdivisions of section 523. When the case converted to Chapter 7, however, the dischargeability of debts became subject to each of the cited exceptions.

In most instances, a knowing breach of contract does not create an injury that is both willful and malicious. *Kawaahhua v. Geiger*, 523 U.S. at 62. However, the present facts indicate more than a simple knowing failure to pay a contractual obligation. By agreement, Lee and Amy had identified the time and source of payment. Upon closing the sale of 59 Nancy Place, Amy Alessi was to pay to her former husband the sum of $12,000 plus interest. In deposition testimony, Amy Alessi acknowledged an understanding that pursuant to the terms of the agreement, her former husband "was entitled to $12,000 from the proceeds of the sale." Despite a written demand from Lee's counsel, she refused to turn over the required funds. Instead, she held the proceeds for more than three months until at least May of 2004. Then, after the start of an action in state court to compel the promised disbursement of funds, she paid the moneys to other creditors.

This case presents not just a failure to pay a debt, but a failure to pay from funds that the debtor had agreed specifically to earmark for that purpose. The uncontroverted facts show further that the funds were accessible and not otherwise encumbered, that the debtor knew of her obligation to turnover the funds, and that through his counsel, Mr. Alessi made timely demand for payment, even though not obligated to do so. The resulting injury was willful, in that Ms. Alessi deliberately and intentionally refused to turn over the sale proceeds. By violating a contractual provision for use of committed funds, Amy Alessi inflicted a wrongful financial loss without just cause or excuse. Hence, she caused an injury that was malicious within the meaning of section 523(a)(6).

For the reasons stated herein, the debtor owes to Lee Alessi a debt for willful and malicious injury. Pursuant to 11 U.S.C. §523(a)(6), therefore, Mr. Alessi holds a non-dischargeable claim for all moneys due under the prior state court judgment of August 20, 2004. Accordingly, the plaintiff's motion for

summary judgment is in all respects granted, together with the costs of this Adversary Proceeding.

    So ordered.

Dated:    Buffalo, New York    /s/      CARL L. BUCKI
          May 14, 2009       Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.